**THE GOVERNMENT OF GUAM, Appellee**

v.

**BOLESLAW S. ROLINSKI, Appellant**

Criminal No. 14-A

District Court of Guam

Appellate Division

May 3, 1957

*Counsel for Appellee:* W. Scott Barrett, *Deputy Island Attorney*

*Counsel for Appellant:* E. R. Crain

Before McLAUGHLIN and WIIG, *United States District Judges,* and SHRIVER, *United States Judge,* District Court of Guam

## PER CURIAM

### OPINION

The appellant was convicted in the Island Court of Guam of the offense of driving a motor vehicle while under the influence of intoxicating liquor in violation of § 23405(a) of the Government Code of Guam. His appeal is based upon the contention that the evidence is insufficient to support the judgment.

The evidence showed that the appellant was driving an automobile in an erratic fashion on a public highway in Guam and that such conduct was observed by Guam policemen and armed services police who were in a police car. The police car followed the appellant's car which turned off on a side road. When the appellant's car stopped and he was asked for his driver's license, he got out of his car and was staggering so badly he could hardly stand. An officer smelled the odor of alcohol on the breath of the appellant. The appellant took a pencil from his pocket and slashed at the arresting officer. He used abusive language. He was handcuffed and taken to the police station, booked and placed in a cell. He continued to shout and pound on the cell door for a considerable time. In our view this conduct clearly showed that he was under the influence of intoxicating liquor.

In *Marte v. Government of Guam*, 115 F.Supp. 524, we reversed a conviction of driving under the influence of intoxicating liquor upon the ground that the transcript did not show sufficient facts to warrant the conclusion of intoxication. We said in that case:

In this case we find no evidence at all to support a finding that anyone smelled alcohol on the breath of the defendant; we find strong indications that no sobriety test was given, and positive indications that a medical examiner formed his opinion without making an examination of the defendant. The result is that no competent evidence is found in the record on which a finding of intoxication could reasonably have been based, and the conviction on this charge is accordingly reversed.

The present case, as differentiated from the *Marte* case, presented ample, competent evidence supporting the conclusion of the trial court that the appellant was in fact operating a motor vehicle upon a public highway while under the influence of intoxicating liquor.

The conviction is affirmed.